United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ibis Apartments, LLC, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-21985-Civ-Scola |
| ) | |
| Certain Underwriters at Lloyd's of ) | |
| London, Defendant. ) | |

## **Order Remanding Case**

Previously the Court ordered the Defendant to file an amended notice of removal because the Court could not discern from the Defendant's initial notice whether the Court had subject-matter jurisdiction over this case. (Order Requiring Am. Not. of Removal, ECF No. 5.) The Court directed the Defendant to address a number of issues: the Defendant's failure to identify either the members of Plaintiff Ibis Apartments, LLC, or their citizenships; the Defendant's failure to identify either the individual underwriters of the policy at issue or their citizenships; and the Court's concerns about whether the jurisdictional amount had been met. The Defendant has fallen far short of addressing all, or even any, of the Court's concerns. As a result, the Court **remands** this case back to state court.

To begin with, instead of providing the Court with all of the names of the members of Ibis, the Defendant instead informs that "[a]ccording to Article IV of Ibis Apts, LLC's Articles of Organization, there are three members or persons authorized to manage Ibis Apts, LLC (Yaakov Brafman, Eli Weberman, and Avrohom Kagan), each with an address [in] Hollywood, Florida." (Def.'s Am. Not. of Removal, ECF No. 6 ¶ 3, 2–3.) The Defendant then refers the Court to an "Exhibit C," apparently Ibis's articles of organization, which is not actually attached to the Defendant's notice. The Court has nonetheless itself accessed the articles through the Florida Department of State's Division of Corporations website. Nowhere within these articles are these individuals identified as members of Ibis. Instead, all three are identified as managers. And, in fact, the Defendant seems to be aware of this shortcoming when it hedges its allegations, vaguely contending only that these three people are "members *or* persons authorized to manage Ibis." (*Id.* (emphasis added).) Additionally, despite the Court's clear instruction to identify the citizenship of each member, the Defendant offers only addresses that are listed on Department of State's website for these three managers. But, and as counsel should be well aware, under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is

the relevant inquiry, not her or his residence or, even less helpful, his or her mailing address. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). So, even if the Defendant's allegations of Ibis's membership had been sufficient, the Defendant is still nonetheless unable to identify the citizenship of even those individuals.

Similarly, although the Defendant lists three subscribers[1] to the policy at issue in this matter (QBE Underwriting Limited, Chubb European Group Limited, and Cathedral Capital Holdings Limited), its citizenship allegations are still unclear. Part of the problem is the Defendant's failure to identify what type of businesses QBE, Chubb, and Cathedral actually are. The Defendant informs that QBE is a "limited company incorporated in England & Wales with its principal place of business in London." (Compl. at ¶ 2.) Perhaps this means that QBE is equivalent to a corporation though the Court cannot be sure because the Defendant also refers to it as a "limited company." The Defendant's allegations of Chubb's citizenship are even less clear: "Chubb . . . is a limited company registered and domiciled in Switzerland." (*Id.*) Is Chubb incorporated anywhere? If so, where is its principal place of business? Or should its citizenship be assessed based on its similarity to a limited liability company? The Defendant's allegations of Cathedral's citizenship are similarly problematic; it identifies Cathedral's principal place of business as London but provides no information about its incorporation or whether it too may be akin to a limited liability company. (*Id.*) Without knowing what type of business associations these companies are, the Court cannot determine their citizenships and, therefore, whether the Court has subject-matter jurisdiction over this case. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189-190 (1990) (pointing out the differences in how various entities are treated for the purposes of assessing diversity jurisdiction).

Lastly, in its order requiring an amended notice of removal, the Court clearly expressed its concern about the Defendant's jurisdictional-amount allegations: "the Defendant must establish that the jurisdictional amount in controversy is met as to each member, underwriter, or name, or explain why the jurisdictional amount should be aggregated among such entities." (Order at 2.)

---

[1] This allegation, too, was not entirely clear: are these *all* of the subscribers to this particular policy? The Defendant doesn't say.

In response, the Defendant provides only that "the amount in controversy exceeds $75,000.00 [but that] Defendant is unable to establish that the jurisdictional amount . . . is met as to each member, underwriter, or name." (Am. Not. at ¶ 5.) This falls far short of answering the Court's questions about whether the jurisdictional amount has been met in this case.

Because the Defendant fails, after being given a second chance, to meet its burden of showing that the parties are completely diverse and that the jurisdictional amount is met, the Court lacks subject matter jurisdiction, and this action is required to be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court notes that ambiguous notices of removal like this one disrupt both the state and federal court system. The Defendant's careless removal deprived the state court of jurisdiction before the Defendant was in command of the facts necessary to properly invoke federal jurisdiction. Then, as if this was not bad enough, the Defendant prolonged the disruption by failing to cure such defects when the Court offered it a second bite at the apple.

Accordingly this case is **remanded** back to state court. The Clerk is thus directed to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. All pending motions are **denied as moot.**

**Done and ordered**, at Miami, Florida, on June 12, 2018.

_____
Robert N. Scola, Jr.
United States District Judge